UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 04-cr-40025-JPG |
| | ) |
| MICHAEL N. CURRIE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Michael Currie's *pro se* Motion for Retroactive Application of the Sentencing Guidelines to His Crack Cocaine Offense (Doc. 49) pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual (hereinafter "U.S.S.G.") § 1B1.10.  The Court appointed counsel for Currie, and said counsel has since moved to withdraw on the basis that she can make no non-frivolous arguments in support of Currie's request.  Doc. 56; *Anders v. California*, 386 U.S. 738, 744 (1967).  Despite the allowance of a response period by this Court, Doc. 57, Currie did not respond to defense counsel's motion.  Meanwhile, the Government filed a Response (Doc. 58) that agreed with the basic assertions and relief sought by defense counsel.

On June 24, 2004, Currie pled guilty to two counts of distribution of less than five grams of cocaine base.  At sentencing, the Court found by a preponderance of the evidence that Currie's relevant conduct was at least 3 grams but not more than 4 grams of crack cocaine.  The Court also found that Currie was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which produced the applicable offense level of 34.  By entering into a plea agreement with the Government, Currie reduced this offense level by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility, leaving him with a total offense level of

31.  Considering Currie's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 188 to 235 months imprisonment.  The Court ultimately imposed a sentence of 156 months on both counts to run concurrently.  Currie now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2) (2006).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider any reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008), *cert. denied sub nom. McKnight v. United States*, 129 S. Ct. 1924 (2009).

Currie cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  § 3582(c)(2).  Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels

associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  Currie, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1.  *See Forman*, 553 F.3d at 589-90.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Currie cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request.  *See Forman*, 553 F.3d at 588;  *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's Motion to Withdraw and "No Merits" Statement (Doc. 56) and **DISMISSES** Currie's *pro se* Motion for Retroactive Application of the Sentencing Guidelines to His Crack Cocaine Offense (Doc. 49).  Further, the Court **DIRECTS** the Clerk of Court to mail a copy of this Memorandum and Order to Michael Currie, Reg. No. 06287-025, FMC Rochester, Federal Medical Center, P.O. Box 4000, Rochester, Minnesota 55903.

**IT IS SO ORDERED.**
**DATED: November 29, 2010**

                                                             s/ J. Phil Gilbert
                                                             **J. PHIL GILBERT**
                                                             **DISTRICT JUDGE**